Case 1:18-cv-00124 Document 20 Filed on 08/14/20 in TXSD Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLA SALINAS-VARGAS,<br>Movant, | § § § | |
| v. | § § | Civil Action No. 1:18-CV-124<br>Criminal Case No. 1:15-CR-1020-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Carla Salinas-Vargas' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, Salinas-Vargas' "§ 2255 Motion" or "Motion"). Dkt. No. 1. For the reasons provided below, it is recommended that: (1) Salinas-Vargas' Motion be **DISMISSED WITH PREJUDICE**; (2) the Court **DECLINE** to issue a certificate of appealability; and (3) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

### I. Jurisdiction

The Court has jurisdiction over Salinas-Vargas' Motion pursuant to 28 U.S.C. § 1331 and § 2255.

### II. Background and Procedural History

On December 16, 2015, Salinas-Vargas pleaded guilty to being unlawfully found in the United States following a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2). *See United States of America v. Carla Fabiola Salinas-Vargas,*

No. 1:15-cr-1020-1; Cr. Dkt. No. 12;[1] *see also* Cr. Dkt. Minute Entry Dated Dec. 16, 2015. On March 24, 2016, United States District Judge Rolando Olvera sentenced Salinas-Vargas to 70 months of imprisonment and did not impose a term of supervised release. *See* Cr. Dkt. 28 at 3; 32 at 8–9 (transcript of Salinas-Vargas' sentencing hearing). Judgment was entered on April 07, 2016. Cr. Dkt. No. 28. Salinas-Vargas filed a direct appeal, arguing that Judge Olvera had improperly treated the Sentencing Guidelines as mandatory. Cr. Dkt. No. 25. The Court of Appeals for the Fifth Circuit affirmed her conviction and sentence on August 01, 2017, finding that "the record as a whole d[id] not show the district court believed it lacked the discretion to deviate from the Guidelines range." Cr. Dkt. Nos. 44, 45.

Salinas-Vargas timely filed her instant § 2255 Motion on July 16, 2018. Dkt. No. 1 at 16.[2] Although somewhat unclear, Salinas-Vargas asserts the following grounds for relief in her Motion:

1. "ATTORNEY Mr. HECTOR GARZA, A PUBLIC DEFENDER APPOINTED BY THE COURT FAILS TO CLARIFY THAT THE FIRST DEPORTATION ON AUGUST 2015 WAS UNLAWFULL."

2. "Attorney Mr. Hector Garza, appointed by the Court fails to clarify that movants prior conviction was never 'aggravated.'"

---

[1] Hereinafter, "Cr. Dkt. No." refers to docket entries in Salinas-Vargas' criminal case, *United States v. Carla Fabiola Salinas-Vargas*, No. 1:15-cr-1020-1. "Dkt. No." refers to docket entries in the instant civil action.

[2] Salinas-Vargas indicates that she gave her § 2255 Motion to prison authorities for mailing on July 16, 2018. Dkt. No. 1 at 16. The Court therefore considers her Motion "filed" on that date. *See, e.g., Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, pro se prisoners' documents are deemed "filed" on the day that they provide the documents to prison authorities for mailing, or place the documents in the prison mailing system); *see also United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (extending this rule to pro se filings submitted pursuant to 28 U.S.C. § 2255). Her Motion was received and docketed by the Clerk of Court on July 24, 2018. Dkt. No. 1.

3. "ATTORNEYS FAILS TO EXPLAIN TO THE FEDERAL COURT THAT MOVANT RE-ENTRY TO UNITED STATES WASN'T A BASIS FOR A FEDERAL CONVICTION AND SENTENCE DUE TO THE VIOLATION OF DUE PROCESS."

4. "NEW RULING OF UNITED STATES SUPREME COURT IN THE CASE OF SESSIONS, ATTORNEY GENERAL VERSUS DIMAYA."

Dkt. No. 1 at 4–5, 7–8 (errors and formatting in original).

The Government filed a "Memorandum in Opposition to § 2255 Motion" (hereinafter, the Government's "Response"). Dkt. No. 12. In its Response, the Government argues that Salinas-Vargas' Motion should be denied because her claims for relief are predicated on the validity of a prior deportation order, which is not a proper basis for relief. *See* Dkt. No. 12 at 1–2. The Government also argues that, to the extent Salinas-Vargas is bringing claims for ineffective assistance of counsel, she has "fail[ed] to meet even the liberal pleading standard applicable to pro se filings." *Id.* at 2. Salinas-Vargas filed a "Memorandum Supporting Facts" (hereinafter, Salinas-Vargas' "Reply"). Dkt. No. 14 (errors in original). In her Reply, Salinas-Vargas lists eleven grounds for relief.³ Salinas-Vargas' Reply contains arguments that are somewhat distinct from those raised in her § 2255 Motion, but they are based on the same underlying factual allegations. *See id.* This case is now ripe for review.

---

³ Those grounds are: (1) "due process issues, that derived from ineffective counsel[;]" (2) "The frist amendment, protects the freedom of religion, And the, freedom of speech, press, and freedom of association; The right to petition the government for redress of grievances. This is a organic law, and conscionable beliefs[;]" (3) "Arrest is presumed to be false; Officer has the burden of proof[,]" (4) "Must show warrant upon request[;]" (5) "Warrant must be valid[;]" (6) "No rubber-stamp 'signature'[;]" (7) "False arrest is assault and battery[;]" (8) "No handcuffs[;]" (9) "Go immediately to magistrate[;]" (10) Any undue delay is unlawful and wrongful[;]" and (11) "For a warrant/indictment to issue[.]" Dkt. No. 14 at 1–5 (errors and formatting in original).

### III. Legal Standards

**A. 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a movant may seek to vacate, set aside, or correct his or her sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

A movant that seeks to challenge a final conviction by collateral attack may do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); *Shaid*, 937 F.2d at 233 (same). A claim presented in a § 2255 Motion is procedurally defaulted when it was not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). The movant cannot raise on collateral attack those issues that he failed to raise on direct appeal without showing the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979); *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). "Challenges to issues decided on direct appeal are foreclosed from consideration in a § 2255 motion." *United States v. Fields*, 761 F.3d 443, 463 n. 12 (5th Cir. 2014). However, procedurally defaulted claims are excused if a movant can demonstrate: (1) cause and actual prejudice; and (2) actual

innocence. *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). A district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## B. Ineffective Assistance of Counsel

The "Sixth Amendment guarantees a[ll] defendant[s] the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against them. *Missouri v. Frye*, 566 U.S. 134, 140, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) (citing *Montejo v. Louisiana*, 566 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings, including the plea-bargaining process. *See Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing is also constitutionally impermissible. *Lafler*, 566 U.S. at 165.

In *Strickland v. Washington*, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Courts need not address both inquiries if the defendant does not sufficiently support one prong, nor must the court address the test in the same order. *Id.* at 697. Under this standard, the defendant must show that counsel's representation fell below an objective

standard of reasonableness under prevailing professional norms. *Id.* at 687. As it is easy to second-guess counsel's performance after a conviction or adverse sentence, a fair assessment of performance requires reconstructing the circumstances of counsel's conduct from their perspective at the time rather than look towards the "distorting effects of hindsight." *Id.* at 689. As such, counsel is strongly presumed to have performed adequately and made decisions using reasonable professional judgment. *Id.* at 690. Additionally, the sufficiency of counsel's representation may be determined, and indeed substantially influenced, by the defendant's own statements and actions. *Id.* at 691. As stated by the Supreme Court, an attorney's actions are usually based on information supplied by the defendant, and, for example, investigative decisions or potential lines of defense are followed based upon what the client said. *Id.* A counsel's conversations with the defendant may, then, be critical to properly assessing his actions during the course of representation. *Id.*

To demonstrate that his attorney's representation was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 687–91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a

strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. *Id.* Therefore, to establish prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 669. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Williams*, 529 U.S. at 391; *Strickland*, 466 U.S. at 694. The prejudice prong of *Strickland*, then, focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under the test will ordinarily make it unnecessary to examine the other prong. *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994). Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229–30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black*

*v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV. Discussion

In her pleadings, Salinas-Vargas attempts to assert various claims for relief. Because she is proceeding pro se, Salinas-Vargas' pleadings must be construed liberally. *See Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, "pro se litigants must still comply with the law and procedural rules." *Washington v. E. Baton Parish Sch. Sys.*, 471 Fed. Appx. 306 (5th Cir. 2012). Construed liberally, Salinas-Vargas alleges that her trial counsel Hector Garza: (1) failed to challenge that her prior deportation was unlawful; (2) failed to challenge that her prior conviction was not aggravated; and (3) failed to challenge that her deportation order violated her due process rights, and argue that her illegal re-entry into the United States cannot be used to support a federal conviction. *See* Dkt. No. 1 at 4–8. Salinas-Vargas further asserts that the Supreme Court's ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), renders her previous convictions as non-aggravated felonies. *Id.* The remaining claims raised in her Reply are unclear but relate to the underlying conviction and deportation order raised in her Motion. *See* Dkt. No. 14.

### A. Salinas-Vargas has Failed to Show Ineffective Assistance of Counsel

Because the substance of Salinas-Vargas' various ineffective assistance of counsel claims raises the same issue, the Court considers them together. In her Motion, Salinas-Vargas argues that Garza was ineffective for failing to argue that her prior deportation from the United States cannot support her federal conviction for illegal re-entry; she claims that the underlying deportation order violated her due process rights. Dkt. No. 1

at 1, 15. Specifically, Salinas-Vargas contends that Garza failed to argue that her state burglary conviction was a common felony and, because the offense occurred in Georgia, her conviction cannot constitute an aggravated felony under Texas law. *Id.* at 4–5, 14–15. Salinas-Vargas states that this distinction would have impacted the outcome in her case because she was "deported 'unlawfully' without any right or explanations." *Id.* at 14 (errors in original).

Under the *Strickland* test, to raise a claim for ineffective assistance of counsel, Salinas-Vargas must show both deficient performance by counsel and resulting prejudice. *Strickland*, 466 U.S. at 687. In *United States v. Mendoza-Lopez*, the "Supreme Court held that when a determination made in an administrative proceeding plays a critical role in a subsequent imposition of a criminal sanction, such as sentencing a defendant convicted for illegal re-entry into the United States after deportation, there must be some opportunity for meaningful review of that administrative proceeding." *Cruz-Reyes v. United States*, No. 1:15-CV-071, 2016 WL 1715339, at *4 (S.D. Tex. Apr. 5, 2016), *adopted by*, 2016 WL 1718266 (S.D. Tex. Apr. 27, 2016) (citing *United States v. Mendoza-Lopez*, 481 U.S. 828, 837–38 (1987)). "[A]t a minimum, this meant that some means of judicial review must be made available in order to challenge defects in the proceeding." *Id.*

The statute under which Salinas-Vargas was convicted, 8 U.S.C. § 1326, provides for collateral attack of a deportation order if the defendant can satisfy three prerequisites. To prevail, the alien must demonstrate that:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; *and*

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d) (emphasis added).

The Fifth Circuit has interpreted 8 U.S.C. § 1326(d) and *Mendoza-Lopez* to require a litigant seeking collateral attack of a deportation order to show: "(1) the removal hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the prosecutorial deficiencies caused the alien actual prejudice." *United States v. Cordova-Soto*, 804 F.3d 714, 718–19 (5th Cir. 2015). "Actual prejudice" requires that "there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." *Id.* at 719. "[L]itigants must support all three prongs, and a failure to support one prong precludes a court from having to consider the others." *Cruz-Reyes*, 2016 WL 1715339, at *4.

Here, Salinas-Vargas has not alleged that she could have satisfied any of the prerequisites for a collateral attack on the deportation order. As a result, the Court cannot conclude that Garza provided ineffective assistance by not challenging the validity of Salinas-Vargas' deportation hearing and subsequent deportation. Salinas-Vargas "does not state any information regarding: (1) what took place at the hearing; (2) what [she] told [her] attorneys; and (3) how even a hypothetical procedural deficiency in [her] prior deportation proceeding prejudiced [her]." *See Cruz-Reyes*, 2016 WL 1715339, at *4. Instead, Salinas-Vargas contends that her former immigration attorney lied and failed to defend her during removal proceedings. Dkt. No. 1 at 14. Salinas-Vargas states that she conveyed this information to Garza, but that Garza insisted she plead guilty. *Id.* Without further evidence, Salinas-Vargas cannot succeed on her ineffective assistance of counsel claim. *See Taylor v. Books-A-Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)

("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice.") (citation omitted); *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Even if Salinas-Vargas could have satisfied the other prerequisites for collaterally attacking the deportation order, she has not shown she could have established "actual prejudice." Salinas-Vargas' lengthy criminal history included cocaine possession, conspiracy to commit burglary, multiple counts of burglary and theft; said history weighs against a conclusion that, but for the alleged procedural errors, she would never had been deported. *See* Cr. Dkt. No. 18 at 5–9. "In short, '[i]f the defendant was legally deportable and, despite the INS's errors, the proceeding could not have yielded a different result, the deportation is valid for purposes of section 1326." *United States v. Lopez-Vasquez*, 227 f.3d 476, 486 (5th Cir. 2000) (citation omitted). Here, the Court is unable to determine whether a collateral attack on the deportation order would have been possible; Garza's failure to pursue such a challenge was not deficient under *Strickland*. Salinas-Vargas' ineffective assistance of counsel claims, then, fail and are subject to dismissal.

**B. Salinas-Vargas has Failed to Prove that She is Entitled to Relief**

Salinas-Vargas argues that, following *Sessions v. Dimaya,* her state burglary conviction no longer qualifies as a crime of violence or aggravated felony for purposes of deportation. Dkt. No. 1 at 8; *see also Sessions v. Dimaya,* 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). Salinas-Vargas, therefore, contends that her prior deportation order was invalid and cannot support her federal conviction. *See id.*

In *Dimaya,* the Supreme Court held that the definition of a "crime of violence," under 8 U.S.C. § 16(b), was unconstitutionally vague as applied and incorporated into immigration law. *Dimaya,* 138 S. Ct. at 1223. Under Title 8 U.S.C. § 16(b), a crime of violence was defined as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 8 U.S.C. § 16(b). That definition was incorporated by reference into immigration law and used to determine whether a prior conviction was an "aggravated felony" for purposes of deportation proceedings. 8 U.S.C. § 1101(a)(43)(F). The Supreme Court's reasoning was in line with its prior holding in *Johnson v. United States,* 135 S. Ct. 2551 (2015). In *Dimaya,* the Supreme Court explained that based on its holding in *Johnson,* interpreting § 16(b) "necessarily devolved into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice." *See Dimaya,* 138 S. Ct. at 1223 (discussing *Johnson,* 135 S. Ct. at 2559) (internal quotation marks omitted).

Salinas-Vargas argues that the holding in *Dimaya* entitles her to relief; she asserts that her conviction under 8 U.S.C. § 1326(b)(2) incorporated the "aggravated felony" definition found in § 16(b) that was used to enhance her sentence. Dkt. No. 1 at 8; Cr. Dkt. No. 18 at 4. Salinas-Vargas' claim fails for three reasons.

First, Salinas-Vargas failed to challenge her deportation order on direct appeal; therefore, her claim is procedurally defaulted. "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his [or her] conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad,* 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Willis,* 273 F.3d 592, 595 (5th Cir. 2001) (same). An ineffective assistance of counsel

claim can satisfy the cause and prejudice requirement but must still meet the *Strickland* standard; it must have been objectively unreasonable for appellate counsel to fail to raise this issue, and the movant must have been prejudiced by that failure. *Kallestad*, 236 F. 3d at 227; *Higgins v. Cain*, 720 F.3d, 255, 260–61 (5th Cir. 2013). Critically, on direct appeal, Salinas-Vargas only alleged that Judge Olvera improperly treated the Sentencing Guidelines as mandatory. Cr. Dkt. No. 25. Moreover, Salinas-Vargas has not provided evidence that her appellate counsel rendered ineffective assistance to entitle her relief under the "cause and prejudice" exception. Salinas-Vargas' claim, then, is procedurally defaulted.

Second, Salinas-Vargas cannot collaterally attack the validity of a state conviction that was used to enhance her sentence through her § 2255 Motion. *See Daniels v. United States*, 532 U.S. 374, 382, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001) ("The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his [or her] prior conviction through a motion under § 2255."); *accord Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994). Therefore, Salinas-Vargas cannot use her § 2255 Motion to challenge her underlying state burglary conviction; *Dimaya* offers her no relief.

Third, even if *Dimaya* could be used to collaterally attack her underlying conviction, it would not set aside Salinas-Vargas' illegal re-entry conviction. Under *Dimaya*, § 16(b) cannot serve as a basis for a sentence imposed under § 1326(b)(2) and "the conviction must . . . be reformed to reflect that [the defendant] was sentenced according to 8 U.S.C. § 1326(b)(1). *United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018). Section 16(b), however, remains validly incorporated in the advisory guidelines for definitional purposes. *Id.* at 533, 539 ("[W]hen § 16(b) is used by the nonbinding

Guidelines solely for definitional purposes, vagueness-doctrine principles do not apply."). The Sentencing Guidelines are not subject to vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017). Therefore, even if an enhancement relied on the exact language that *Dimaya* held to be unconstitutionally vague, the enhancement would still be considered constitutionally sound under the advisory Guidelines. *Godoy*, 890 F.3d at 538 ("[I]f the language of § 16(b) were cut-and-pasted directly into the Guidelines themselves, [a defendant] could not bring a void-for-vagueness challenge.").

As a result, Salinas-Vargas cannot challenge her conviction and subsequent deportation. The recent Supreme Court's case in *Dimaya* does not "forbid using § 16(b) to calculate recommended sentences under the nonbinding Guidelines." *Godoy*, 890 F.3d at 541. Similarly, Salinas-Vargas has also not shown that *Dimaya* applies retroactively on collateral review. *See Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (The general rule is "nonretroactivity for cases on collateral review."). Salinas-Vargas' *Dimaya*-related claims, then, fail and are subject to dismissal.

## V. Evidentiary Hearing

Salinas-Vargas is not entitled to relief based on any of the claims raised in her Motion. She is also not entitled to an evidentiary hearing. *See United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) ("When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary holding."); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) ("If, on the record before us, we can conclude as a matter of law that [the movant] cannot establish one or both of the elements necessary to establish [her] constitutional claim [for

ineffective of counsel], then an evidentiary hearing is not necessary[.]") (internal citation omitted). Salinas-Vargas' Motion, then, should be dismissed without the necessity of an evidentiary hearing.

## VI. Certificate of Appealability

A certificate of appealability shall not issue unless the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition state a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Duran has not made a substantial showing of the denial of a constitutional right.

## VII. Recommendation

For the reasons stated above, it is recommended that: (1) Salinas-Vargas' Motion be **DISMISSED WITH PREJUDICE**; (2) the Court **DECLINE** to issue a certificate of appealability; and (3) the Clerk of Court be **DIRECTED** to **CLOSE** this case.

## VIII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **14th** day of August, 2020, at Brownsville, Texas.

---
Ignacio T, III
United States Magistrate Judge